KYLE W. SCHUMACHER (BAR # 121887)
kyle@schumacherlane.com
**SCHUMACHER LANE PLLC**
P.O. Box 558
Spring Branch, TX 78070
503-482-8137 ph
210-783-1383 fax
Attorneys for Debtor
Chad Edward Grove

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>**Chad Edward Grove,**<br><br>Debtor. | Case No.: 23-32473-pcm13<br><br>Adversary No.: _____<br><br>Chapter 13<br><br>**WILLFUL AUTOMATIC STAY VIOLATION PURSUANT TO 11 U.S.C. §§ 362(a)(6) AND §362(k)** |
| **Chad Edward Grove,**<br><br>Plaintiff,<br><br>v.<br><br>**Mason Companies, Inc. doing business as Stoneberry,**<br><br>Defendant. | Judge:    Hon. Peter C. McKittrick |

Plaintiff Chad Edward Grove ("Mr. Grove," "Debtor," or "Plaintiff") brings this Adversary Complaint for Willful Automatic Stay Violations against Mason Companies, Inc. doing business as Stoneberry ("Stoneberry" or "Defendant") pursuant to 11 U.S.C. § 362(a)(6) and § 362(k) and in support thereof would respectfully show the Court as follows:

///

**JURISDICTION & VENUE**

1. This Court has jurisdiction under the provisions of 28 U.S.C. §1334 because the automatic stay arises out of Title 11.

2. Venue is proper under 28 U.S.C. §1409(a) because the Defendants took actions to collect on a debt that arose before the commencement of the case under Title 11 while Plaintiff was under the protection of the Bankruptcy Court's automatic stay.

**PARTIES**

3. Plaintiff filed for bankruptcy protection under Chapter 13 of Title 11 in case number 23-32473-pcm13 in the District of Oregon on October 27, 2023.

4. Defendant is a multi-channel retailer that owns and operates multiple entities selling consumer goods via its e-commerce websites and direct mail catalogs. One of its retail entities is Stoneberry. Its principal office is 1251 1st Ave., Chippewa Falls, WI 54729, and Jay Berlin is its president and chief executive officer.

5. Defendant's registered agent is Corporation Service Company, whose address is 33 E. Main Street, Ste. 610, Madison, WI 53703-4655.

6. I.C. System, Inc. is a debt collector whose mailing address is P.O. Box 64378, St. Paul, MN 55164. I.C. System, Inc. attempted to collect the debt in question on behalf of the current creditor, Stoneberry.

7. At all times relevant hereto, I.C. System, Inc. was acting on behalf of and as agent of Stoneberry.

**REQUEST FOR JUDICIAL NOTICE**

8. Plaintiff requests that the Court take judicial notice of its own records in the case herein, and all documents filed in this case in support of the facts set forth below. Fed.R.Evid. 201

## NATURE OF CLAIM

9. Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. §15(b)(2) (see *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000); *In re Goodman*, 991 F.2d 613, 6117 (9th Cir. 1993)), and Plaintiff consents to entry of final orders and judgments by the District of Oregon Bankruptcy Court in this adversary proceeding.

## FACTUAL ALLEGATIONS

10. This Complaint's allegations are based on personal knowledge as to the Defendants' conduct and made on information and belief as to the acts of others.

11. Plaintiff filed his Chapter 13 bankruptcy case on October 27, 2023. Wayne Godare was assigned as the Chapter 13 trustee to administer the Plaintiff's bankruptcy estate. The commencement of this case 'constitutes an order for relief.'

12. Debtor listed Stoneberry in Schedule E/F of his bankruptcy petition as holding a nonpriority unsecured claim [Docket #1, pg 23].

13. On or about October 28, 2023, the bankruptcy noticing center ("BNC") transmitted the Notice of Chapter 13 Bankruptcy Case to Stoneberry via the electronic data interchange ("EDI") [Docket #8].

14. On or about October 27, 2023, the BNC transmitted the Initial Chapter 13 Plan to Stoneberry via the EDI [Docket #10].

15. On or about December 18, 2023, the BNC transmitted the Order Confirming Plan and Resolving Motions to Stoneberry via the EDI [Docket #17].

16. Beginning in or about October 2023 and continuing regularly thereafter, until about March 25, 2024, Stoneberry called Plaintiff on his cell phone and left automated voicemails.

///

17. On or about January 3, 2024, Plaintiff's attorney, Jessica Nomie, mailed two cease-and-desist letters to Stoneberry[1], which informed it of the chapter 13 bankruptcy filing, provided the case number, district, and filing date, and included a copy of the Court generated Notice of Bankruptcy filing.

18. On at least four (4) occasions, Debtor called Stoneberry to inform them of the bankruptcy.

19. On one of the calls with Stoneberry, Debtor provided his bankruptcy attorney's name and bankruptcy case number. Stoneberry noted the information and informed Debtor he should not be receiving any more calls. However, Stoneberry continued to call.

20. On another call with Stoneberry, a representative acknowledged that the account notes included his bankruptcy information. Yet, Stoneberry continued to call.

21. In total, between October 2023 and March 2024, Stoneberry called Debtor at least 70 times.

22. Stoneberry received at least three (3) separate notices from the court regarding Debtor's bankruptcy, at least four (4) different calls from Debtor himself regarding the bankruptcy, and at least two (2) letters from Debtor's attorney regarding the bankruptcy.

23. Despite the repeated notice, Stoneberry continued to call Debtor excessively.

24. Despite the repeated notice, Stoneberry placed the debt with a debt collector, I.C. System, Inc., who contacted Debtor on behalf of Stoneberry beginning on or about March 27, 2024.

25. The continued endeavor by Defendant to collect on a debt throughout the bankruptcy proceeding in violation of the automatic stay has caused undue stress upon Plaintiff.

---

[1] One letter was mailed to a PO Box for Stoneberry, whereas a second letter was mailed to Mason Companies, Inc.'s corporate headquarters.

Despite repeated notice from Plaintiff, the bankruptcy court, and even Plaintiff's attorney, Defendant has brazenly taken the stance it is above the law and can do as it wishes.

26.  Plaintiff has suffered actual damages and emotional damages that include time spent trying to deal with this matter, including contacting and coordinating with his attorney, emailing the pertinent documents to his attorney for review, the emotional stress of learning Defendant may never cease collection efforts, receiving collection phone calls and texts on a debt included in his bankruptcy, and accrual of attorneys' fees to attempt to stop the harassment.

27.  Plaintiff is also dealing with the emotional stress of knowing I.C. System, Inc., as agent for Stoneberry, may begin reporting the debt on his credit report, which will significantly set back his efforts to rebuild his creditworthiness. Further, Plaintiff also believes he has suffered an invasion of privacy as I.C. System, Inc., as agent for Stoneberry, likely pulled his credit report in furtherance of trying to collect on the debt. This would have caused Plaintiff's personal and confidential information, including his current and past addresses, birthdate, employment history, and telephone numbers to be published to unknown employees, representatives, and marketing and business affiliates, and/or agents of Stoneberry and I.C. System, Inc. This unauthorized access to his sensitive, private information would increase Plaintiff's risk of privacy harm and identity theft.

28.  By continuing to attempt to collect on a pre-petition debt during the bankruptcy, Stoneberry willfully acted to collect on debt that was subject to the automatic stay in violation of 11 U.S.C. § 362(a).

///

///

///

# FIRST CLAIM FOR RELIEF

## (Violation of the Automatic Stay – 11 U.S.C. §362)

29. Plaintiff realleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

30. The commencement of a bankruptcy case triggers an automatic stay against a wide range of creditors activities, including the continuation of collections against debtors. 11 U.S.C. § 362(a)(6).

31. The automatic stay imposed by 11 U.S.C. § 362(a), "operates as a self-executing injunction [preventing] creditors from taking any collection actions against the debtor…for pre-petition debts." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354-55 (5th Cir. 2008).

32. Stoneberry had an affirmative duty to terminate all collection efforts against Debtor upon learning that he filed bankruptcy. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002).

33. Creditors who refuse to cease collection of prepetition debt in violation of the stay do so at their own peril and risk of sanctions. *In re Mwangi*, 432 B.R. 812, 823 (B.A.P. 9th Cir. 2010) (reversed on other grounds).

34. "We perceive no difference as a practical matter between a computer program that does not perform tasks accurately and a clerical employee who does not perform tasks accurately. In either event, the employer bears the risk of the consequences." *In re Campion*, 294 B.R. 315 (B.A.P. 9th Cir. 2003) (court noting that a computer attributed violation was not an excuse for a stay violation).

///

///

### a. Legal Standard for Violation of the Automatic Stay

35. To obtain an order for violation of the automatic stay, a debtor must prove that a party had knowledge of the order and intended the conduct that violated the order. *See, e.g., ZiLOG, Inc. v. Corning*, 450 F.3d 996, 1007 (9th Cir. 2006).

36. The contents of the automatic stay are unambiguous and fixed by statute. *See, e.g., In re Moncur*, 328 B.R. 183, 191 (B.A.P. 9th Cir. 2005).

### b. Remedies for Violation of the Automatic Stay

37. Stoneberry's violations of 11 U.S.C. § 362(a)(6) as alleged above were "willful" as that term is defined in the Ninth Circuit because its acts and omissions were intentional, it had prior actual knowledge of the automatic stay, its conduct was unreasonable, and any alleged mistake of law is not a defense.

38. Under 11 U.S.C. § 362(k), Debtor is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from Stoneberry in amounts to be decided by the Court.

39. The Ninth Circuit concluded that "emotional distress damages are cognizable" for violation of the automatic stay provided for in § 362(a) of the Code. *Dawson v. Washington Mutual Bank* (*In re Dawson*), 390 F.3d 1139, 1148 (9th Cir. 2004).

40. "By limiting the availability of actual damages under § 362(h) to individuals, Congress signaled its special interest in redressing harms that are unique to human beings. One such harm is emotional distress, which can be suffered by individuals but not organizations." *Id*. at 1146. "Another purpose is to create a breathing spell, a phrase suggesting a human side to the bankruptcy process." *Id*. at 1147 (citing *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993)).

///

41. Understanding the human side of filing bankruptcy, and citing to the House Committee notes, the Court reasoned it was "convinced that Congress was concerned not only with financial loss, but also…with the emotional and psychological toll that a violation of a stay can exact from an individual." *In re Dawson* at 1148.

42. A movant can recover attorneys' fees and costs as actual damages under Section 362(k) for enforcing the automatic stay, for remedying the stay violation, and for prosecuting a request for damages. *America's Servicing Company v. Schwartz-Tallard* (*In re Schwartz-Tallard*), 803 F.3d 1095, 1100-01 (9th Cir. 2015) (en banc) (expressly overruling *Sternberg v. Johnston*, 595 F.3d 937, 940 (9th Cir. 2010)).

43. As detailed above, Stoneberry was properly noticed of the automatic stay by way of the BNC. It was further noticed by way of two (2) cease and desist letters from Debtor's attorney as well as multiple calls from Debtor himself. Since it is indisputable that Stoneberry was placed on notice of the automatic stay, the approximately 70 collection calls are each a clear violation of 11 U.S.C. § 362.

44. In addition, as Stoneberry sent the debt to I.C. System, Inc. for the sole purpose that it actively continue collections on Stoneberry's behalf, all contact, credit inquiries, reporting, and other collection violations committed by I.C. System, Inc. are attributable to Stoneberry as principal and current creditor.

## PRAYER FOR RELIEF

45. WHEREFORE, Plaintiff respectfully requests that this Court determine and stipulate that Defendant willfully violated the automatic stay and grant relief for Plaintiff against Defendant as follows:

///

a. Money Judgment in favor of Plaintiff against Defendant for actual damages, punitive damages, and reasonable attorneys fees and costs incurred prosecuting this adversary proceeding; and

b. Any and all equitable relief to which Plaintiff is entitled and this Honorable Court may determine is fair and just.

Dated:  June 19, 2024           By:        */s/ Kyle W. Schumacher*
                                           Kyle W. Schumacher, OSB No. 121887
                                           Schumacher Lane PLLC
                                           PO Box 558
                                           Spring Branch, TX. 78070
                                           Phone: 503-482-8137
                                           Fax: 210-783-1383
                                           kyle@schumacherlane.com
                                           Attorney for Plaintiff/Debtor